# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-227V
**Filed: November 10, 2014**
**(Not to be published)**

```
* * * * * * * * * * * * * * * * * * * * * * *
KRYSTYN SNYDER,                        *
                                       *
                Petitioner,            *        Decision on Damages; Tdap;
v.                                     *        Brachial Neuritis
                                       *
SECRETARY OF HEALTH                    *
AND HUMAN SERVICES,                    *
                                       *
                Respondent.            *
                                       *
* * * * * * * * * * * * * * * * * * * * * * *
```

Jeffrey A. Golvash, Brennan, Robins & Daley, P.C., Pittsburgh, PA for petitioner.
Glenn A. MacLeod, U.S. Department of Justice, Washington, DC for respondent.

## DECISION ON DAMAGES[1]

**Gowen**, Special Master:

On March 25, 2014, Krystyn Snyder ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*.[2] [the "Vaccine Act" or "Program"]. The petition alleges that as a result of receiving a Tetanus-diptheria-acellular-pertussis ("Tdap") vaccine on December 22, 2012, she developed Brachial Neuritis ("BN"). Petition at ¶¶ 3, 9. On November 7,

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post this ruling on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

2014, respondent filed her Rule 4(c) Report ["Respondent's Report"], in which she concedes that petitioner is entitled to compensation in this case. Respondent's Report at 2. The undersigned issued a Ruling on Entitlement on November 10, 2014.

On November 7, 2014, respondent filed a Proffer on award of compensation, which indicated that petitioner agreed to the compensation amount. Additionally, petitioner's counsel was contacted by my chambers on November 10, 2014, and he confirmed petitioner's agreement with the proposed compensation amount stated in the Proffer. Pursuant to the terms in the attached Proffer, **the undersigned awards petitioner:**

1. **A lump sum payment of $80,000.00 in the form of a check payable to petitioner, Krystyn Snyder. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.